UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE B. JOHNSON,

        Plaintiff,

v.

SPARROW HEALTH SYSTEM, SPARROW
HEALTH SYSTEM EMPLOYEE BENEFIT
PLAN, SUN LIFE ASSURANCE OF
CANADA, and SUN LIFE FINANCIAL,

        Defendants.

Case No. 1:13-cv-180

HON. GORDON J. QUIST

## OPINION

Plaintiff, Suzanne B. Johnson, filed a complaint against Sparrow Health System and Sparrow Health System Employee Benefit Plan (the Sparrow Defendants), as well as Sun Life Assurance Company of Canada and Sun Life Financial. Plaintiff asserts a claim for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and state law claims for breach of written and oral or implied contract. The Sparrow Defendants have moved to dismiss the complaint.

### Background

Plaintiff was employed by Sparrow Health System until 2011, when a chronic health condition from which she suffered worsened, "necessitating her ceasing her employment." (Compl. ¶ 4.) As part of her employment, Plaintiff was offered the opportunity to participate in a long-term disability (LTD) benefit program. (*Id.*) Sun Life Assurance of Canada acted as the claims administrator for the program. (*Id.* ¶ 6.) Plaintiff applied for LTD benefits in 2011, but her claim was denied because she had not submitted required paperwork related to evidence of insurability. (*Id.* ¶¶ 4, 11, Dkt. #8 Ex. A.)

**Discussion**

A.   ERISA Claim

An insurance company that administers claims for an ERISA plan and has authority to grant or deny claims is a fiduciary and the proper defendant for a denial of benefits claim. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). An employer who does not control or influence the decision to grant or deny benefits is not a fiduciary with respect to such a claim, and thus not a proper defendant. *Id.*

In this case, Plaintiff admits that claims under the LTD benefit program were administered by Sun Life. Although Plaintiff argues that Sparrow Health Systems acted as the "on-site administrator," there is no indication that the Sparrow Defendants had any role in the decision to deny LTD benefits. *See id.* (holding that an employer that acted as a plan administrator, but not a claims administrator, was not a proper defendant). Accordingly, Plaintiff may not pursue a denial of benefits claim against the Sparrow Defendants.

Although not clear, the pleadings indicate that Plaintiff may be pursuing an estoppel claim under ERISA. Because the plan documents were unambiguous with regard to the requirement for evidence of insurability (*see* Dkt. # 7 Ex. A at 9), this claim fails. *See Sprague v. Gen. Motors, Inc.*, 133 F.3d 388, 403 (6th Cir. 1998) (holding that estoppel may not be invoked in the context of unambiguous provisions unless extraordinary circumstances are present)

Because Plaintiff has not alleged a viable ERISA claim against the Sparrow Defendants, this claim will be dismissed.

B.   FMLA Claim

Although Plaintiff is not clear about whether she is pursuing her FMLA claim under a discrimination or retaliation theory, she has failed to allege the required elements for either type of claim. Because Plaintiff has not alleged that she suffered an adverse employment action, any claim

under a discrimination theory must fail. *See Edgar v. JAC Prods.*, 443 F.3d 501, 507 (6th Cir. 2006) (listing elements). With regard to an interference claim, Plaintiff's has included conclusory allegations that she was an eligible employee, that she was entitled to leave under the FMLA, and that she gave notice of her intention to take leave. *See id.* Plaintiff has failed to allege, however, that she was ever denied FMLA leave. Furthermore, it appears from Plaintiff's complaint that her health condition would have prevented her from returning to work after any FMLA leave ended. *See id.* (explaining that an employee who remains unable to perform the essential functions of her position after the FMLA period ends is not entitled to restoration to another position.) Because Plaintiff has not pled the required elements for an FMLA claim, this claim will be dismissed.

C. <u>State law claims</u>

Plaintiff alleges that she and Sparrow Health Systems entered into a contract whereby Sparrow Health Systems would provide Plaintiff with disability benefits. She argues that the denial of benefits constituted a breach of this contract. Because these claims are simply repackaged ERISA claims, they are preempted by federal law. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002) (explaining that state-law contract claims that stem from a claim for benefits are preempted by ERISA). Accordingly, these claims will be dismissed.

**Conclusion**

For the foregoing reasons, the Court will grant the Sparrow Defendants' motion to dismiss and dismiss Plaintiff's complaint.

An Order consistent with this Opinion will be entered.


Dated: November 27, 2013          /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE