UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SUZANNE B. JOHNSON,

        Plaintiff,

v.

SPARROW HEALTH SYSTEM, SPARROW
HEALTH SYSTEM EMPLOYEE BENEFIT
PLAN, SUN LIFE ASSURANCE OF
CANADA, and SUN LIFE FINANCIAL,

        Defendants.
_____/

Case No. 1:13-cv-180

HON. GORDON J. QUIST

## **OPINION**

Plaintiff, Suzanne B. Johnson, filed a complaint against her former employer, Sparrow Health System, and Sun Life Assurance Company of Canada and Sun Life Financial (the Sun Life Defendants). Plaintiff asserts a claim for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) against the Sun Life Defendants, as well as state law claims for breach of contract. The Sun Life Defendants filed a motion to dismiss, contending that Plaintiff did not exhaust her administrative remedies and that her state law claims are preempted by ERISA, 29 U.S.C. § 1144(a). The Court converted the motion to one for summary judgment, and gave Plaintiff an opportunity to file any material pertinent to that motion. *See* Fed. R. Civ. P. 12(d). Plaintiff has filed such material, and the motion is now ripe for decision.

### **Background**

Plaintiff was employed by Sparrow Health System until 2011, when a chronic health condition from which she suffered worsened, "necessitating her ceasing her employment." (Compl.

¶ 4.) As part of her employment, Plaintiff was offered the opportunity to participate in a long-term disability (LTD) benefit program. (*Id.*) Sun Life Assurance of Canada ("Sun Life") acted as the claims administrator for the program. (*Id.* ¶ 6.) Plaintiff applied for LTD benefits in 2011, but her claim was denied because she had not submitted required paperwork related to evidence of insurability. (*Id.* ¶¶ 4, 11, Dkt. #8 Ex. A.) Although Plaintiff asserts that she appealed this decision, she has provided no evidence that she did so. (*See* Dkt. #22 Ex. 1.)

## Discussion

Before seeking judicial review of a decision to deny benefits, an ERISA plan participant must first exhaust her administrative remedies. *Weiner v. Klais & Co.,* 108 F.3d 86, 90 (6th Cir. 1997). Although ERISA does not explicitly require exhaustion, the Sixth Circuit has held that the administrative scheme of ERISA imposes such a requirement. *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).

The plan at issue in this case provided that a claimant whose claim was denied could "request in writing a review of the denial within 180 days after receiving notice of denial." (Dkt. # 7 Ex. A at 47.) Sun Life advised Plaintiff of her right to appeal when it denied her claim for benefits. (Dkt. # 8 Ex. A.) Sun Life has provided evidence that it never received an appeal from Plaintiff. (Dkt. # 8, Reppe Decl.) Although Plaintiff contends that she did file an appeal, she has provided no evidence to support this contention.[1] (*See* Dkt. # 15.) Accordingly, there is no issue of fact regarding Plaintiff's failure to exhaust, and the Sun Life Defendants are entitled to judgment as a

---

[1] Plaintiff's proffered evidence is a letter from Sun Life denying an application for long-term disability benefits coverage that she submitted after her claim was denied. (Dkt. # 22, Ex. 1.) This letter provides no insight into whether Plaintiff appealed the denial of benefits decision.

2

matter of law.[2]

Plaintiff also asserts a breach of contract claim against the Sun Life Defendants based on an alleged contract between Plaintiff and Sparrow Health Systems for the provision of disability benefits. It is unclear from the pleadings why Plaintiff believes the Sun Life Defendants are liable for an alleged breach by Sparrow Health Systems. Nonetheless, because these claims are simply repackaged ERISA claims, they are preempted by federal law. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002) (explaining that state-law contract claims that stem from a claim for benefits are preempted by ERISA). Accordingly, Defendants are entitled to summary judgment on these claims.

## Conclusion

For the foregoing reasons, the Court will grant the Sun Life Defendants' motion for summary judgment.

An Order consistent with this Opinion will be entered.


Dated: December 18, 2013                              /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE

---

[2]Although not clear, the pleadings indicate that Plaintiff may also be pursuing an estoppel claim under ERISA. Because the plan documents were unambiguous with regard to the requirement for evidence of insurability (*see* Dkt. # 7 Ex. A at 9), such a claim would also fail. *See Sprague v. Gen. Motors, Inc.*, 133 F.3d 388, 403 (6th Cir. 1998) (holding that estoppel may not be invoked in the context of unambiguous provisions unless extraordinary circumstances are present).